[No. 9396. Department One. June 1, 1911.]

FRANK NALEWAJA, *Respondent*, v. NORTHWESTERN
IMPROVEMENT COMPANY et al., *Appellants*.[1]

MASTER AND SERVANT—COAL MINES—SAFE PLACE—VENTILATION—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows that the owner of a mine failed to perform the imperative and continuing duty to cause air to circulate in the working places in a coal mine, imposed by Rem. & Bal. Code, § 7381, where there was black damp in plaintiff's working place, the foreman instructed him to continue working there and said the falling of the rock would bring ventilation, and the plaintiff testified he would have broken through the wall to good air in about an hour and a half.

SAME—INJURY FROM FALLING ROCK—PROXIMATE CAUSE—EVIDENCE—SUFFICIENCY. There was sufficient evidence that the presence of black damp in a coal mine was the proximate cause of an injury from falling rock, where the plaintiff's lights were put out by the black damp and he was struck by a rock falling from the face of

[1]Reported in 115 Pac. 847.

coal, two to eight feet distant from the place where plaintiff was timbering, and he might have seen the rock and avoided the injury if he had had a light.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a coal miner was guilty of contributory negligence in timbering or failing to timber his working place is for the jury, where it appears that he was timbering when his lights went out and he was struck by a rock falling from the side, he would have finished the timbering within thirty minutes if he had not been injured, and according to one witness the timbering was two or four or six feet from the face of the coal, defendant's witness claiming it should be kept within two and one-half or three feet.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 12, 1910, upon the verdict of a jury rendered in favor of the plaintiff; in an action for personal injuries sustained by a coal miner through the fall of rock. Affirmed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appellants.

*Gordon, Easterday & Askren* and *R. L. Sherrill,* for respondent.

Gose, J.—The respondent, plaintiff below, was injured by the falling of a rock while working for the appellant corporation in a coal mine as an underground miner. The appellant McDowell was the superintendent of the appellant corporation at the time the accident happened. There was a verdict and judgment for the respondent. This appeal followed.

The respondent was forty years of age and had had eighteen years' experience as a coal miner when he received the injury complained of. The interior of the mine where the coal was being mined consisted of gangways, counters, chutes, air courses, and fans. The negligence charged is, that the appellants failed to provide a good and sufficient amount of ventilation for the persons employed in the mine; that air was not made to circulate through the place where

the respondent was working; that black damp accumulated at such place; that the respondent complained of the presence of that element to the appellant McDowell; that the latter informed him that it would disappear as soon as he began working; that respondent resumed labor at his working place; that his light was extinguished in consequence of the black damp; and that he was struck and injured by the falling of a large rock which he could not guard against in the darkness. The answer denied that there was black damp where the respondent was working; denied that the air was not circulating; and alleged affirmatively, (1) that the respondent assumed the risk of the falling of the rock; (2) that the injury resulted from the negligence of respondent in failing to properly timber the places where he was working. The affirmative matter was put in issue by the reply.

The appellants make three principal contentions: (1) That an abundance of air was supplied, and if there was black damp, it was due to respondent's negligence in failing to set brattices to divert it from the gangways and counters into his working place; (2) that there is no causal connection between the black damp and the falling of the rock; and (3) that the rock fell in consequence of the respondent's failure to properly timber his working place.

In respect to the first contention, it may be said that there is abundant evidence that there was black damp where the respondent was working. He testified that the appellant McDowell directed him to continue working, and that the latter said to him that the falling of the rock would bring ventilation. He stated also that he would have broken through the wall to good air, where his partner was working, in about an hour or hour and a half. The statute, Rem. & Bal. Code, § 7381, requires the owner, agent or operator of every coal mine to provide in the mine "a good and sufficient amount of ventilation for such persons and animals as may be employed therein," and that the "air must be made to circulate through the shafts, levels, stables and working places of each mine."

In speaking of the duty of the mine owner under this statute, in *Delaski v. Northwestern Imp. Co.*, 61 Wash. 255, 112 Pac. 341, we said:

"The provisions of the statute measure the respondent's duty. The legislature, in recognition of the hazards of working in coal mines, has made careful provisions for their inspection, and imposed imperative duties upon those who own and operate them. The purpose of the law is to provide a reasonably safe place for the men to work. A failure to observe these provisions is negligence *per se.*"

The duty to cause the air to circulate in the working places was a continuing and imperative one upon the appellants, under the statute.

As to the second contention, we think the jury was warranted in concluding that the presence of the black damp was the proximate cause of the injury. It is true, as the appellants urge, that the black damp did not cause the rock to fall. The method followed in coal mining is to leave stumps, or coal in blocks, to support the gangways and cross-cuts. For a week prior to the injury the respondent was engaged in taking down the stumps and timbering as he proceeded with the work. He was injured about ten o'clock on Monday morning. He commenced work about seven o'clock, and had been timbering from that time until the accident happened. He testified that, during that time, his light was extinguished three times by the black damp, and that he went to other workmen and renewed his light. The light went out the last time about simultaneously with the falling of the rock. The appellants' witnesses testified that the rock fell from the face of the coal, which was from two to eight feet distant from the place where the respondent was timbering. We think the jury was warranted in concluding that, if the respondent had had a light, he might have seen the rock fall, stepped aside, and avoided the injury.

It is earnestly insisted that the failure of the respondent to properly timber his working place caused the rock to fall,

and precludes a recovery. The appellant McDowell testified that the timber should be kept within two and a half or three feet of the face of the coal. Matt Jackson, a witness for the appellants, testified that the timber was some "two or four or six feet" from the coal. The respondent testified that he had not worked on Sunday, and that on Sunday the rock had kept dropping so as to make enough space for him to timber. The appellant McDowell further testified that, owing to the condition of the floor, the respondent should have placed sills under the upright pieces. The appellants' rules, however, contain no such requirement. Rule 3 provides that it is the duty of the miner to properly support the roof of his working place by timbers or props, and that "cap pieces must be placed above each timber or prop." The respondent testified that he would have finished timbering in thirty minutes, had he not been injured. Whether the respondent was guilty of negligence in timbering or in failing to timber, which contributed to his injury and barred a recovery, was a question of fact for the jury. *Kreymborg v. Thurston*, ante p. 219, 115 Pac. 77. It is said, however, on the part of the appellants, that the case in this respect is controlled by *Smith v. Hecla Mining Co.*, 38 Wash. 454, 80 Pac. 779. That case was reversed by this court for the giving of an improper instruction. The substance of the instruction was to the effect that the law does not, under any circumstances, exact from the servant the use of diligence in ascertaining the dangers which surround him.

The judgment is affirmed.

FULLERTON, PARKER, and MOUNT, JJ., concur.